UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRISTOPHER LULL, | No. 2:20-cv-00165-KJM-CKD PS |
| Plaintiff, | |
| v. | ORDER STAYING THE PRESENT ACTION |
| COUNTY OF SACRAMENTO et al., | |
| Defendants. | |

Presently before the court is defendants' motion to dismiss. (ECF No. 12.) Plaintiff has filed an opposition, and defendants have filed a reply. (ECF Nos. 14, 15.) On May 1, 2020, the court issued an order to show cause as to why this matter should not be stayed until defendants' motion for summary judgment is resolved in a related case.[1] (ECF No. 18.) Plaintiff responded to the order and argued that this matter should not be stayed. (ECF No. 19.) As set forth below, the court STAYS the present matter.

District courts have the inherent power to stay a lawsuit. Landis v. N. Am. Co., 299 U.S. 248, 254-55 (1936). If an independent and related case is pending, in certain circumstances federal courts may stay the instant suit while the independent proceeding moves forward. Dependable Highway Exp., Inc. v. Navigators Ins. Co., 498 F.3d 1059, 1066 (9th Cir. 2007);

---

[1] Autotek Inc. and Christopher Lull v. County of Sacramento, et. al., Case No. 2:16-cv-01093 KJM CKD, ECF No. 66.

1

Leyva v. Certified Grocers of California, Ltd., 593 F.2d 857, 863 (9th Cir. 1979).  The independent proceeding need not be controlling of the federal lawsuit to be considered related; rather, an independent proceeding is related to the federal lawsuit if the proceeding will likely settle and simplify issues in the federal lawsuit.  Landis, 299 U.S. at 256.

To determine whether a Landis stay is appropriate, courts weigh the following competing interests: (1) whether there is a fair possibility that a stay will cause damage; (2) whether a party may suffer hardship or inequity if a stay is not imposed; and (3) whether a stay will contribute to the orderly course of justice.  CMAX, Inc. v. Hall, 300 F.2d 265, 268 (9th Cir. 1962).  Additionally, a Landis stay (4) cannot be imposed only for judicial economy and (5) cannot be indefinite and result in undue delay.  Dependable Highway Exp., Inc., 498 F.3d at 1066-67.  A stay may be the most efficient and fairest course when there are "independent proceedings which bear upon the case."  Leyva v. Certified Grocers of Cal., Ltd., 593 F.2d 857, 863 (9th Cir.1979).

Weighing the competing interests, the court finds a stay is appropriate in this matter.  The present and related cases involve similar issues of fact and law that weigh in favor of staying the present action.  The present case concerns the denial and revocation of business licenses related to plaintiff, while in the related case plaintiff challenges the County's enforcement of its building and zoning codes.  The purported reason for the denial and revocation of the business licenses, however, was that plaintiff's property was in violation of relevant codes.  (See ECF No. 12-2 at 6–29 (administrative appeals of the revocation and denial decisions).)[2]  Thus, although plaintiff may disagree with the interpretation espoused by the County and defendants, determining whether plaintiff's property indeed violated the county codes is relevant, if not dispositive, to both actions.  In his opposition to the order to show cause plaintiff appears to agree to this point, stating, "This case is simply a question of law that the parties agree is the business licensing code."  (ECF No. 19 at 5.)  Determining that question of law, which is currently before the court in the related case, would help avoid inconsistent judgments, potentially prevent duplicative

---

[2] The court takes judicial notice of the administrative appeals attached to defendants' motions because they are matters of public record properly subject to judicial notice.  See Fed. R. Evid. 201.

work, and likely narrow the issues before this court, i.e., contribute to the orderly course of justice.

Regarding the first two <u>Landis</u> factors, the prejudice to the parties resulting from the stay is minimal. The only potential harm plaintiff puts forth is that he will have to wait longer for a resolution in the present action. (ECF No. 19 at 5.) However, if a stay is not issued in the present case, delay would result from potential motions for reconsideration after the court rules on the motion for summary judgment in the related case. Thus, a stay is not likely to lengthen the life of the present matter.

Regarding the length of the stay, a stay pending the outcome of another case should only be granted if it "appears likely the other proceedings will be concluded within a reasonable time." <u>Lockyer v. Mirant Corp.</u>, 398 F.3d 1098, 1111 (9th Cir. 2005). Due to the timing of the motion for summary judgment, the court is satisfied that this matter will not be stayed for an unreasonable amount of time. The court therefore orders the present case stayed until defendants' motion for summary judgment in the related case is decided.

According, it is HEREBY ORDERED that:

1. This matter is STAYED until the motion for summary judgment (ECF No. 66) is decided in the related case.

2. Within seven (7) days of the court's decision on the summary judgment motion in the related case the parties shall notify this court as to the outcome of the pending motion.

Dated: May 20, 2020

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

16.165.stay